UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  05/22/14
```

------------------------------------------------------------ X
                                              :

Kellie Garrigan,                        :
                      Plaintiff,    :
                                          :           14 Civ. 155 (LGS)
            -against-              :
                                        :        OPINION AND ORDER
Ruby Tuesday, Inc. and Christopher Edwards,    :
                   Defendants. :
                                        :
------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

        Plaintiff Kellie Garrigan brings this action against her former employer, Ruby Tuesday, Inc. ("Ruby Tuesday"), and her former supervisor Christopher Edwards for violations of New York City Administrative Code §8-107, known as the New York City Human Rights Law (the "NYCHRL"). She alleges that after she refused to resume a relationship with her manager Josh Palmer, Mr. Edwards discriminated against her because of her gender, and that he and Ruby Tuesday retaliated against her after she rejected Palmer and complained of the discrimination. Defendants' Motion to Dismiss the Complaint is denied because Plaintiff states claims under the NYCHRL.

## BACKGROUND

        The allegations in the Complaint are presumed to be true for purposes of this motion. Plaintiff worked at various Ruby Tuesday restaurants from February 2012 to May 2012. She suffers from "chronic pancreatitis with genetic predisposition," which has led to numerous and sometimes prolonged hospital stays. The events that led to this lawsuit began around October 2011, when she was admitted to the hospital because of this medical condition. While she was in the hospital, one of her managers, Mr. Palmer, who is not a defendant in this action, brought her

flowers and told her that "he had feelings for her."  While she was hospitalized and in a weakened state, Mr. Palmer convinced Plaintiff to move in with him.  Mr. Palmer lived with Defendant Christopher Edwards, another manager at Ruby Tuesday.  In January 2012, Plaintiff was again admitted to the hospital.

One January 31, 2013, while she was hospitalized, Mr. Palmer suddenly proposed marriage to her, but then the very next day ended the relationship.  On February 4, 2012, Mr. Palmer told her that he had moved all of her personal belongings into a storage unit.  Mr. Edwards then removed Plaintiff's keys to their house from her purse.  Plaintiff alleges that on February 9, 2012, Mr. Palmer called her again and said that he had made a mistake, and begged her to take him back.  Plaintiff told him that she was not interested in resuming a relationship, and requested that he stop asking.  Plaintiff alleges that between February 9, 2012 and February 13, 2012, Mr. Palmer called between six and eight more times, begging Plaintiff to resume their relationship, which she refused.

After Plaintiff ended her relationship with Mr. Palmer, Mr. Edwards began to retaliate against her.  Edwards began sending her "hateful text messages," including some that told her that she was not really as sick as she thought she was and that "the machines [keeping her alive] didn't do anything anyways."  *Id.*  Plaintiff reported these messages to the director of human resources, Defendant Chuck McGuff, and provided him copies, but he took no action.  *Id.* ¶ 35.

Upon returning to work, Plaintiff's coworkers treated "her completely differently than they did before she became sick."  Most of her supervisors and co-workers were "completely ignoring her."  Mr. Edwards had begun to spread "vicious rumors" about her, including telling employees that her brother, who had passed away from the same disease, never existed.  Plaintiff complained to Jeff Gabriel, the general manager, that Mr. Edwards was still retaliating against

her for rejecting Mr. Palmer's sexual advances by spreading vicious rumors about her.  Mr.
Gabriel took no action in response to Plaintiff's complaint.  Another manager, Shanella Jones,
also began to spread rumors about Plaintiff.  Distraught over the rumors that Edwards had
allegedly spread about her health, she "felt she had no choice but to resign from her position,"
and quit effective May 2, 2012.

In February 2013, Plaintiff brought claims against Ruby Tuesday, Jeff Gabriel,
Christopher Edwards, and Chuck McGuff, in another case before District Judge George B.
Daniels, Case No. 13-cv-1196.  (*Garrigan I*).  The complaint alleged claims of harassment,
gender and disability discrimination, and retaliation, pursuant to Title VII of the Civil Rights Act
of 1964 and the NYCHRL.

Judge Daniels granted defendants' motion to dismiss in July 2013.   He dismissed the
federal claims, denied leave to amend the complaint, and declined to exercise supplemental
jurisdiction over Plaintiff's NYCHRL claims.  Plaintiff then commenced an action in state court
on November 13, 2013, asserting claims only under the NYCHRL, which Judge Daniels
explicitly had declined to hear, and only against Defendant Edwards and Ruby Tuesday.  The
Complaint asserts four causes of action -- for harassment, aiding and abetting, retaliation, and
employer liability.  Defendants removed the case from state court to this Court on January 9,
2014.

**STANDARD**

On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and
draws all reasonable inferences in favor of the non-moving party.  *See Famous Horse Inc. v. 5th
Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010).  To withstand dismissal, a pleading "must
contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id*. (quoting *Twombly*, 550 U.S. at 555).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (alteration in original) (quoting *Twombly*, 550 U.S. at 557).   Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 555), *cert. denied*, 133 S. Ct. 846 (2013).   Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(a)(2).

In federal diversity cases, courts apply state law to determine whether collateral estoppel applies to a certain set of facts.  *See Ritchie v. Landau*, 475 F.2d 151, 154 (2d Cir. 1973).   In New York, the doctrine of collateral estoppel, or issue preclusion, "bars a party from relitigating in a subsequent proceeding an issue clearly raised in a prior proceeding and decided against that party where the party to be precluded had a full and fair opportunity to contest the prior determination."  *Weiss v. Manfredi*, 639 N.E.2d 1122, 1123 (N.Y. 1994).   To prevail on the defense of collateral estoppel: (1) "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action" and (2) "there must have

been a full and fair opportunity to contest the decision now said to be controlling." *Schwartz v. Pub. Adm'r of Bronx. Cnty.*, 246 N.E.2d 725, 729 (N.Y. 1969).

## **DICUSSION**

### **I. Gender Discrimination**

Defendants move to dismiss Plaintiff's sexual harassment claim under the NYCHRL because it is precluded by Judge Daniels's prior holding and because the Complaint fails to allege any gender-based discrimination.  These arguments are incorrect, and Defendants' motion is denied.

The NYCHRL prohibits gender discrimination in the workplace.  § 8-107(a) ("It shall be an unlawful discriminatory practice . . . [f]or an employer or an employee . . . because of the . . . gender . . .of any person, . . . to discriminate against such person . . . in terms, conditions or privileges of employment.").   Plaintiff claims gender discrimination based on allegations of sexual harassment – that she was harassed in the workplace because she would not resume a romantic relationship with her manager.   "Despite the popular notion that 'sex discrimination' and 'sexual harassment' are two distinct things, it is, of course, the case that the latter is one species of sex- or gender-based discrimination."  *Williams v. New York City Hous. Auth.*, 872 N.Y.S.2d 27, 37 (App. Div. 2009).  In the NYCHRL sexual harassment is governed by "the provision of the law that proscribes imposing different terms, conditions and privileges of employment based, inter alia, on gender."  *Id.*

"Quid pro quo sexual harassment" and "hostile work environment" are "two federal standards of liability" that typically are applied to a sexual harassment claim, but they "find no support in the NYCHRL."  *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 114 (2d Cir. 2013).  The municipal law does not require "a connection between the

discriminatory conduct and a materially adverse employment action," as the federal quid pro quo standard does, and does not require "conduct severe or pervasive enough to alter the terms of . . . employment," as the federal hostile work environment standard does.  *Id*.; *see also* Restoration Act of 2005 § 7 (the "Restoration Act"), N.Y.C. Local L. No. 85 (the complained of discrimination "need not result in an ultimate action with respect to employment . . . or in a materially adverse change in the terms and conditions of employment . . .").  Under the "broad and remedial" purposes of the NYCHRL, the focus is on "unequal treatment based on gender" regardless of the type of treatment.  *See Mihalik* 715 F.3d at 114 (citing N.Y.C. Admin. Code § 8-130).  Indeed, both *Williams* and *Mihalik*, the two leading authorities for this Court in interpreting the gender discrimination provisions of the NYCHRL, analyzed sexual harassment claims without using the terms  "quid pro quo" or "hostile work environment," and instead looked to differential treatment based on gender.

The NYCHRL expressly provides that it is to be "construed liberally" to accomplish its "uniquely broad and remedial purposes" regardless of whether federal and state law is similarly construed.  N.Y.C. Admin. Code § 8-130.  "Applying the Restoration Act's new rules of construction, the First Department has established a new standard of liability for gender discrimination under the NYCHRL."  *Mihalik*, 715 F.3d at 110.  "To establish a gender discrimination claim under the NYCHRL, the plaintiff need only demonstrate 'by a preponderance of the evidence that she has been treated less well than other employees because of her gender.'"  *Id.* (citing *Williams*, 872 N.Y.S.2d at 39).  "Under this standard, the conduct's severity and pervasiveness are relevant only to the issue of damages."  *Id.*  "To prevail on liability, the plaintiff need only show differential treatment—that she is treated 'less well'—

because of a discriminatory intent." *Id.* Indeed, the challenged conduct need not even be "'tangible' (like hiring or firing)." *Id.*

The Complaint alleges that Defendant Edwards treated Plaintiff less well by spreading rumors about her at work, and that he did so on account of her gender – i.e., because she rejected Mr. Palmer's requests to resume their relationship. Those allegations are sufficient to state a claim under the NYCHRL.

Defendant argues that Judge Daniels's decision in *Garrigan I* controls the Court's decision here, and that issue preclusion applies, because his opinion states that Plaintiff's claims were not based on gender. *See Garrigan I*, 2013 WL 3946223, at *3. That argument fails because Judge Daniels did not reach the issues now before the Court. Courts in this Circuit "must consider" claims that arise under the NYCHRL "separately and independently." *Mihalik*, 715 F.3d at 109 (citing Restoration Act § 1, stating that the NYCHRL is "to be construed independently from similar or identical provisions of New York state or federal statutes" . . . and the latter may be used "as a floor below which the City's Human Rights law cannot fall, rather than a ceiling . . . ."). Judge Daniels expressly declined to exercise jurisdiction over the NYCHRL claim. He rejected Plaintiff's sexual harassment claim under Title VII because 1) Plaintiff abandoned her hostile work environment claim, and 2) Plaintiff did not allege any actionable quid pro quo under Title VII. *Garrigan I,* 2013 WL 3946223, at *3. As discussed above, these federal law concepts are inapplicable here. The holdings in *Garrigan I* are not binding for an analysis of the NYCHRL because there is no "identity of issue," particularly given the explicit command by the Second Circuit and First Department to perform an independent analysis of the claims. *See Schwartz v. Pub. Adm'r of Bronx Cnty.*, 24 N.Y.2d at 71 (collateral

estoppels applies only if there was "an identity of issue which has necessarily been decided in the prior action and is decisive of the present action.").

Defendant next argues that even under the more liberal NYCHRL, a failed romantic relationship cannot form the basis of a discrimination claim, because the resulting mistreatment was not based on gender but on the failed relationship. Defendant argues that a failed romantic relationship cannot form the basis of a gender discrimination claim under the NYCHRL, citing *Fattoruso v. Hilton Grand Vacations Co.,* LLC, 873 F. Supp. 2d 569 (S.D.N.Y. 2012), *aff'd* 525 Fed. App'x. 26 (2d Cir. 2013), and *Stallings v. U.S. Elecs.*, 707 N.Y.S.2d 9 (1st Dep't 2000). Both cases are inapposite. *Fattoruso* was a "paramour preference" case, which held that claims for gender discrimination may not be premised on the allegation that a coworker received preferential treatment for engaging in a sexual relationship with a superior. *See Fattoruso*, 873 F. Supp. 2d. at 577 (citing *DeCintio v. Westchester Cnty. Med. Ctr.*, 807 F.2d 304 (2d Cir. 1986)). This is not a paramour preference case, but instead a case in which an employee was treated less well because she rejected overtures to resume a romantic relationship with her supervisor. *Stallings* relied on federal law to hold that a "nonwork–related" romantic relationship could not serve as the basis of an NYCHRL gender discrimination claim, and in any event was decided before the Restoration Act § 1 amended the NYCHRL to explicitly provide that it applied more broadly than its federal and state counterparts. *See Stallings*, 707 N.Y.S.2d at 10.

Differential treatment in the workplace based on gender is sufficient to state a claim under the NYCHRL. *See Mihalik*, 715 F.3d at 109. The statute must be construed "broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible." *Albunio v. City of New York*, 947 N.E.2d 135, 137 (N.Y. 2011). Sexual harassment is gender

discrimination, even under Title VII, when there is unwelcome sexual conduct.  *See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 68 (1986) (the "gravamen" of any sexual harassment claim is unwelcomeness of the conduct); *EEOC Guidelines on Discrimination Because of Sex*, 29 C.F.R. § 1604.11 (1980) (sexual harassment based on gender exists where sexual conduct is "unwelcome").[1]  Given the broadly remedial purposes of the NYCHRL, even if a previous relationship might suffice in some courts to render sexual harassment personal and not gender-based under Title VII, it does not under the NYCHRL.  The Complaint's allegations permit the reasonable inference that Defendant Edwards spread rumors about Plaintiff at work because she rejected her supervisor's attempts to resume an intimate relationship.  Defendants may be able to prove that Mr. Edwards' actions amounted to only "petty slights" and "trivial inconveniences," but that is a factual question and an affirmative defense, not to be resolved at this stage.  *See Williams*, 872 N.Y.S.2d at 41.

---

[1] When unwanted sexual conduct occurs after the termination of a consensual relationship, some courts, including Judge Daniels in *Garrigan I*, have concluded that such conduct is not gender-based under Title VII.  This issue has not been resolved within this Circuit or among the other Circuits.  *Compare, e.g.*, *Kohutka v. Town of Hempstead*, 11 Civ. 1882, 2014 WL 320630 (E.D.N.Y. Jan. 29, 2014) (harassment claim could exist "even if the Plaintiff previously engaged in a sexual relationship with" her coworker), *and Forrest v. Brinker Intern. Payroll Co., LP*, 511 F.3d 225, 230 (1st Cir. 2007) ("Nowhere does prior case law suggest that certain types of discriminatory behavior, held to constitute gender-based harassment in other cases, may not constitute gender-based harassment when the parties had previously engaged in a romantic relationship."), *with Novak v. Waterfront Comm'n of New York Harbor*, 928 F.Supp.2d 723, 730–31 (S.D.N.Y. 2013) (mistreatment by former supervisor following breakup of consensual sexual relationship, and mistreatment by other supervisors whose attitudes were affected by former supervisor's, "while unfair and unfortunate, does not constitute Title VII sex discrimination under existing law"), *and Succar v. Dade Cnty. Sch. Bd.*, 229 F.3d 1343, 1345 (11th Cir.2000) (holding that "harassment of [plaintiff] was motivated not by his male gender, but rather by Lorenz's contempt for [plaintiff] following their failed relationship").

9

**II.  Retaliation**

Plaintiff brings a claim under the NYCHRL alleging that Defendants retaliated against her for complaining about unlawful harassment.  Defendant moves to dismiss because the retaliation claim "completely overlaps" with the Plaintiff's harassment claim and because the rejection of sexual advances allegedly does not constitute protected activity.

The NYCHRL includes an express provision that prohibits retaliating against someone because they have opposed a forbidden discriminatory practice.  N.Y.C. Admin. Code § 8-107(7).  "To prevail on a retaliation claim under the NYCHRL, the plaintiff must show that she took an action opposing her employer's discrimination, and that, as a result, the employer engaged in conduct that was reasonably likely to deter a person from engaging in such action." *Mihalik*, 715 F.3d at 112 (internal citations omitted).  According to the New York Court of Appeals, "oppos[ing] any practice" can include situations where a person, before the retaliatory conduct occurred, merely "made clear her disapproval of [the defendant's] discrimination by communicating to [him], in substance, that she thought [his] treatment of [the victim] was wrong." *Albunio*, 947 N.E.2d at 137.  "[N]o challenged conduct may be deemed nonretaliatory unless a jury could not reasonably conclude from the evidence that such conduct was reasonably likely to deter a person from engaging in protected activity." *Mihalik*, 715 F.3d at 112 (internal quotation omitted).  "This assessment [should] be made with a keen sense of workplace realities, of the fact that the chilling effect of particular conduct is context-dependent, and of the fact that a jury is generally best suited to evaluate the impact of retaliatory conduct." *Id.* (internal quotation omitted) (alteration in original).

Plaintiff "opposed" Mr. Palmer's advances by rejecting them, and Mr. Edwards allegedly spread rumors about Plaintiff as a result.  In addition, Plaintiff "opposed" Mr. Edwards's

behavior by complaining to her superiors about his mistreating her, but they took no corrective action, and another of her supervisors, Ms. Jones, further retaliated by spreading rumors about Plaintiff.  Defendants' course of conduct could be considered by a reasonable jury to have been likely to deter the Plaintiff from engaging in protected activity – namely, rejecting Mr. Palmer's entreaties and complaining to management about Mr. Edwards' conduct.

Defendants argue that rejecting sexual advances does not constitute protected activity for purposes of a retaliation claim.  While there is debate about that issue under Title VII, *Mihalik* made clear that such opposition is sufficient to state a retaliation claim under the NYCHRL.  *See Mihalik*, 715 F.3d. at 115 & n.12 ("[a] jury could reasonably find that [plaintiff] had also opposed [defendant's] discriminatory conduct by rejecting his advances" and calling them "'offensive and shameful'" and contrasting Title VII in the footnote).

Defendants argue that there is complete overlap between Plaintiff's discrimination claim and her retaliation claim, which warrants dismissal of Plaintiff's retaliation claim.  This argument fails because Defendants' argument is based on Title VII cases holding that resisting advances of a harasser cannot itself constitute protected activity lest every harassment claim also state a retaliation claim.  *See, e.g. Reid v. Ingerman Smith LLP*, 876 F. Supp. 2d 176, 189 (E.D.N.Y. 2012).  However, as stated above, the Second Circuit has stated explicitly that rejecting advances can be the basis for a NYCHRL retaliation claim.  Accordingly, the Complaint states a claim for retaliation.

## III.  Employer Liability

The NYCHRL imposes strict liability on employers for discriminatory acts of managerial employees.  *See* NYCHRL § 8-107(13); *Zakrzewska v. New School*, 928 N.E.2d 1035, 1040

(N.Y. 2010).  Defendant Edwards was a managerial employee, and accordingly Defendant Ruby

Tuesday will be held liable if Plaintiff can prove its claims against Defendant Edwards.

## CONCLUSION

Because Plaintiff states a claim for gender based discrimination and retaliation against

both Defendants, the Motion to Dismiss is DENIED.

SO ORDERED.

May 22, 2014
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE